of the charitable purpose of its incorporation, and the ultimate test of its character must be the result of its work as a whole. *People* v. *Commissioners*, 64 N. Y. 656; *People* v. *Barber*, 42 Hun, 27; *Betts* v. *Betts*, 4 Abb. N. C. 317. The order should, therefore, be reversed, with costs.

---

### DARLING *v.* LITTLEJOHN.

(*Supreme Court, General Term, Second Department.* December 10, 1890.) .

JUDGMENT LIEN.

> The lien of a judgment on real property of the judgment debtor for 10 years, under Code Civil Proc. N. Y. § 1251, cannot be extended beyond that time, as against *bona fide* purchasers or incumbrancers, by the levy of an execution; the sale on execution must take place within the 10 years, unless stayed by injunction or appeal.

Submission of controversy without action upon a statement of facts agreed on by Ann Francis M. D. Darling, plaintiff, and Isabelle Townsend Littlejohn, defendant.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

PRATT, J. This is a submission of controversy, and the only question really involved is whether the lien of a judgment can be extended for more than 10 years by the levy of an execution within the 10 years from docketing the judgment as against a purchaser for value. To save the lien as against *bona fide* purchasers and incumbrancers, not only must execution issue, but the sale must take place within the 10 years, unless restrained by injunction or writ of error. *Little* v. *Harvey*, 9 Wend. 157; *Roe* v. *Swart*, 5 Cow. 294; *Tufts* v. *Tufts*, 18 Wend. 621; *Scott* v. *Howard*, 3 Barb. 319. In this case, the judgment was docketed April 11, 1878, execution issued on the 10th of April, 1888, and the sale made on July 24, 1888. No *lis pendens*, or other notice of claim under the judgment, was filed or recorded in the county clerk's office between the date of docketing said judgment and the recording of the sheriff's notice of sale on the 24th of July, 1888, except the sheriff's notice of sale was affixed to the record of mortgage sales by advertisement on the 9th of June, 1888. The property was sold by the judgment debtor on the 26th of June, 1880, to a *bona fide* purchaser for value, who afterwards died. The premises were devised to the plaintiff, who entered into an agreement to sell the property to the defendant herein, who objects to the title on the ground that the said sale on execution is a cloud upon the title. The plaintiff claims that the lien of said judgment had expired by statutory limitation before the sale thereunder by the sheriff, and therefore the sale did not affect the title. We think the contention of the plaintiff is right, and the defendant must therefore perform her contract for the purchase of the property.

---

### In re DATES' ESTATE.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

1. PROBATE OF WILL—ABSENCE OF SUBSCRIBING WITNESS.

> In the contest of the probate of a codicil to a will, it appeared that a short time before the trial one of the subscribing witnesses had gone away, leaving his employment without assigning any reason; that the attorney for contestants loaned him nearly $100; that he told the attorney he would be back on the day appointed for the proof of the codicil, and was told by the attorney that he would be attached if he did not return; and that he was subpœnaed for contestants. There was evidence that he was out of the state. *Held,* that it must be inferred that he was induced to go away by contestants; and that proof of his handwriting was properly received under Code Civil Proc. N. Y. § 2620, providing that if a subscribing witness "is absent from the state, * * * and his testimony cannot, with due diligence, be obtained by a commission, " the will may be established upon proof of the handwriting of the testator and of the subscribing witnesses, etc.

**2. SAME—RES ADJUDICATA.**
Under Code Civil Proc. N. Y. § 2627, providing that a decree admitting to probate a will of real property establishes presumptively all the matters determined by the surrogate as against a party duly cited or a person claiming from, through, or under him, the rejection of a codicil to such a will, by a decree admitting the will to probate, does not bind one not cited thereon, and not claiming from, etc., a party who was cited.

**3. SAME—COMPETENCY OF TESTATOR.**
In a contest of the probate of a codicil to a will for incompetency of the testator, the attorney who drew the codicil testified that testator stated to him the contents of the will, and his reasons for wishing to make a change in it, and the nature of the change intended; and that the attorney recommended a codicil, which was at once drawn and executed. There was no evidence sufficient to rebut this testimony, and it appeared that testator's reasons for the change made were well founded. *Held*, that the codicil was properly admitted to probate.

Appeal from surrogate's court, Dutchess county.

Petition by Charles Morschauser, as guardian of Jennie D. Vandewater, an infant, for probate of a codicil to the will of Abraham Dates, deceased, under which codicil said Jennie D. Vandewater was a devisee. In a previous proceeding for probate of said will and codicil, of which no notice was given to said Jennie D. Vandewater, a decree was made by the surrogate admitting the will to probate, but rejecting the codicil. From a decree admitting the codicil to probate, the contestants, Abby J. Vandewater and Georgia A. Smith, appeal. Code Civil Proc. N. Y. § 2620, provides that if a subscribing witness to a written will "is absent from the state, and the surrogate is satisfied that his testimony cannot, with due diligence, be obtained by a commission, * * * the will may, nevertheless, be established, upon proof of the handwriting of the testator and of the subscribing witnesses, and also of such other circumstances, as would be sufficient to proof the will upon the trial of an action." Section 2627 provides: "A decree, admitting to probate a will of real property, made as prescribed in this article, establishes, presumptively only, all the matters determined by the surrogate, pursuant to this article, as against a party who was duly cited, or a person claiming from, through, or under him."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Frank L. Akerley*, for appellants.   *Ransom Baker*, for respondent.

BARNARD, P. J.   On the 4th of December, 1889, a citation to the parties interested in the estate of Abraham Dates was returnable. The parties appeared. It was proven that Eli Mastin, one of the witnesses to the codicil, left his employment at Pleasant Valley, in Dutchess county, without assigning any reason. He obtained the permission of his employer to go away if he got a substitute; saying that he was going to "take a little trip around." It was further proven that the attorney for the contestants met the witness Mastin in New York, by arrangement, and "loaned him a little money," a trifle under $100. The witness told the attorney that he was going gunning, and would be back on the 4th of December for the Dates case; and was told by the attorney for contestants that he would be attached if he did not return; and he was subpœnaed by contestants. From this evidence, no other inference is possible but that the witness was induced to go away by the contestants, and the surrogate therefore properly received proof of handwriting of the witness. He was out of the state. "I have known him [swears the attorney] to go to Connecticut" on a vacation, and it was this vacation that he was induced to take at this time. Section 2620 therefore authorized the taking of proof of "the handwriting of the testator and of the subscribing witnesses." It appeared that the testator left a will and codicil. By the will, he gave his children absolutely. By the codicil, he gave only a life-estate, with remainder to the children of the devisee. The petitioner was not cited to attend the proof of the will and codicil. She is therefore not bound by the former adjudication. Section 2627, Code.

The testator was competent. One of the witnesses was the lawyer who drew the will and codicil. There is no question made as to capacity, at the time the will was executed. There can be none as to the capacity of the testator at the execution of the codicil. The testator sent for the lawyer. He stated to him generally the contents of the will. Told him that he had heard bad reports of the conduct of his son, and wished him to make a change in his will so as to cut down the gift to the son to a life-estate, and also to make the same change in regard to his two daughters. The lawyer recommended a codicil, which was drawn and executed. There is no sufficient evidence to rebut the plain and convincing testimony of the attorney, J. Spencer Van Cleef, who drew and attended to the execution of the instrument. The change was suggested by the testator, and was at once drawn and executed. The reports as to the son, which he gave as a reason for the change, were well founded, and the testator's intentions ought to be carried out. The decree of the surrogate admitting the codicil to probate should be affirmed, with costs against the appellants, personally.